UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

OCT 2 5 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Antonio Colbert, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 10 1795 |
| Legal Aid, | ) |
| Defendant. | ) |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a District of Columbia resident, sues "Legal Aid" in the District of Columbia for fraud. He seeks $1 million in damages. The complaint neither presents a federal question nor provides a basis for diversity jurisdiction because the parties are not of diverse citizenship. Because the complaint is "so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (quoting *Newburyport Water Co. v. Newburyport*,

193 U.S. 561, 579 (1904)), it will be dismissed with prejudice. A separate Order of dismissal accompanies this Memorandum Opinion.

Date: October ___, 2010

_____
United States District Judge